**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ELYSE McCANTS,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, RAYMOND W. KELLY,
COMMISSIONER OF THE NEW YORK CITY POLICE
DEPARTMENT, NYPD OFFICER JAMES ZOZZARO,
POLICE OFFICER SYLVESTER, NEW YORK CITY
POLICE LIEUTENANT STONEBRIDGE, UNIDENTIFIED
SERGEANT and other unidentified NEW YORK CITY
POLICE OFFICERS OF THE 113TH PRECINCT as
Individuals and in their Official Capacity as Officers of
the NEW YORK CITY POLICE DEPARTMENT,

                    Defendants.
------------------------------------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

JOHNSON

BLOOM, M.J.

      The Plaintiff, complaining of the defendants, by her attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that she suffered abuse and sustained injury at the hands of the above defendants. Ms. McCants, a fifty-seven year old woman who has never been arrested called the police to her house for assistance. Instead of receiving police assistance, the officers violently kicked, stomped upon, and threw Ms. McCants to the ground. She was taken to the hospital as an Emotionally Disturbed Person (EDP) where she was humiliated and forced to remain without clothing overnight until she was eventually released.

### JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York..

1

3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.       That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5.       The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.       That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7.       That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8.       Pursuant to the Seventh Amendment of the United States Constitution, Ms. McCants requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9.       Plaintiff, Elyse McCants, is a resident of Queens County in the State of New York.

10.      At all times hereinafter mentioned, the defendant City of New York (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.      Upon information and belief, that at all times relevant and all times mentioned herein, the defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all

times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12. Upon information and belief, that at all times relevant and all times mentioned herein, defendants P.O. JAMES ZOZZARO, P.O. SYLVESTER, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by the defendant, CITY OF NEW YORK, as police officers in New York City, New York.

13. THE NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

14 This action arises under the Constitution of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

15. Each and all of the acts of the defendants alleged herein were performed by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

**PENDENT STATE CLAIMS**

16. That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time

when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK within ninety days of the acts giving rise to this Complaint.

17. A 50-H hearing was requested and conducted.

18. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

19. That this action is commenced within one year and ninety days after the causes of action arose.

20. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602 (1) (b).

## STATEMENT OF FACTS

21. During the late evening hours of May 5, 2010, the Plaintiff, Elyse McCants, called for police assistance at her home located at 187-56 Sullivan Road, St. Albans, New York.

22. Plaintiff's daughter was using drugs in the house and had become violent and had destroyed property in the home. Plaintiff was seeking assistance to have her daughter vacated from the house out of fear for herself and her aging mother who was in the home at the time.

23. The named defendants and unidentified officers refused to listen to plaintiff's complaints and refused to assist in anyway. Instead, they told the plaintiff that there was nothing they could do to help her and they insisted that the plaintiff had to let her daughter stay in the house even though she was on drugs and being violent and abusive.

24. When the named defendants and unidentified officers were departing, plaintiff turned to enter her home, she entered the home and closed the door. The police officer, James Zozarro of

the 113th precinct, then violently kicked in the plaintiff's door and with the assistance of other 113th precinct unidentified officers, knocked the plaintiff to the ground, stomped on her neck and back and handcuffed her.

25. The named defendants and unidentified officers then called for an ambulance and told the responding emergency technician that the plaintiff was an emotionally disturbed person (EDP) who needed to be taken to a psychiatric center.

26. Plaintiff was taken to Jamaica Hospital Medical Center where she was forced to be stripped of all her clothes and where she was unlawfully held until the early morning hours of May 6, 2010.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMMENDMENT VIA AN ILLEGAL SEARCH AND SEIZURE, INVASION OF PRIVACY AND DESTRUCTION OF PROPERTY

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

28. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff's home was illegally entered and plaintiff was illegally and unreasonably assaulted and seized.

29. That the said acts, were caused by the defendants, their agents, servants and employees, without any legal justification.

30. That the defendants confined the plaintiff, defendants intended to confine the plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to the confinement and confinement was not otherwise privileged.

31. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the illegal and

5

unreasonable assault, seizure and detention of the plaintiff as well as the destruction of plaintiff's property and the invasion of her privacy.

32. That the said assault, seizure, and unlawful detention was caused by the defendants, without authority of the law and without any reasonable cause of belief that the plaintiff was in fact guilty of crimes.

33. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

34. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 – SUPERVISOR LIABILITY

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

36. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

37. That these defendants, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, and UNIDENTIFIED POLICE OFFICERS who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, invasion of privacy and destruction of property of plaintiff and various torts which were being committed by their subordinates against the plaintiff.

38. That the defendant supervisors did cause the plaintiff's harms by failing to remedy the patterns of illegal entries, false arrest, and invasions of privacy and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practice occurred and was tolerated and their gross negligence in managing their subordinates.

39. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 BY THE CITY OF NEW YORK – MONELL CLAIM

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

42. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant City of New York (NYC).

43. Defendants NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs Constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police

officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

44. Defendant NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of her civil rights.

45. Defendant NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

46. That NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to handle domestic disputes and in understanding the rights of citizens.

47. That NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

48. That NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when carrying a weapon and wielding the force of law enforcement authority.

49. That NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violations of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

50. That NYC, LIEUTENANT STONEBRIDGE, UNIDENTIFIED SERGEANT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants as to the existence of the rights to privacy and to treat arrestees with respect and not assault them.

51. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

52. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS VIA THE DEFENDANT OFFICERS' FAILURE IN THEIR AFFIRMATIVE DUTY TO INTERVENE

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

54. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual defendants.

55. That there exists a duty for defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

56. That such opportunity existed for the defendants in the instant case.

57. That the defendants, by failing in their affirmative duty to intervene are responsible for the violations of the plaintiff's Fourth and Fourteenth Amendment rights.

58. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

59. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF NEW YORK STATE TORT LAW VIA ASSAULT AND BATTERY

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

61. That the defendants committed an assault on the plaintiff by throwing her to the ground, stomping and kicking upon her and causing her to be in apprehension of an imminent harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

62. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

63. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF NEW YORK STATE TORT LAW VIA ASSAULT AND BATTERY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

65. That the plaintiff's rights have been violated under New York State Law, in that the plaintiff was falsely arrested by the defendants.

66. That the said false arrest, was caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and that the defendants confined the plaintiff, defendants intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to confinement, and confinement was not otherwise privileged.

67. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the false arrest of the plaintiff.

68. That by reason of the unlawful seizure, assault, detention and destruction of her property and invasion of her privacy the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

69. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### NEW YORK STATE TORT LAW – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

71. That the defendant, NYC, and supervisors, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, properly training and supervising, as and for its employees, named defendants herein and defendants UNIDENTIFIED POLICE OFFICERS, in that the said defendants lacked the experience, comportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees of the

department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

72. That the defendant NYC failed to train employees in the proper criteria for establishing probable cause to arrest; the proper criteria to make a forced entry; the proper respect to be given to people's homes and property; and exercise the proper deportment and temperament; to use the threat of force prudently and only when necessary and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representative of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

73. That the aforesaid occurrences and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of plaintiff.

74. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fourth Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Sixth Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the

Seventh Cause of Action and plaintiff asks for reasonable attorneys' fees pursuant to 42 U.S.C. §1988 on all causes of action; together with cost and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:       July 20, 2011
             Garden City, New York

                                                    _____
                                                    Amy Marion, Esq. (AM-7761)
                                                    Bruce Barket, Esq. (BB-9906)
                                                    666 Old County Road-Suite 900
                                                    Garden City, N.Y. 11530
                                                    (516) 745-0101